IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESUS Z. ALVAREZ, | ) | 8:09CV462 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| IMMIGRATION, (INS), | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) and Responsive Pleading (filing no. 2) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made one claim. Condensed and summarized for clarity, the claim asserted by Petitioner is: Petitioner is being held by the federal government on an "Immigration detainer" and, if deported to El Salvador, he will face "torture and other cruel, inhuman or degrading treatment o[r] punishment" in violation of federal law.

Liberally construed, the court preliminarily decides that Petitioner's claim is potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of this claim or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Petitioner's claim is potentially cognizable in federal court.

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondents and the United States Attorney for the District of Nebraska by regular first-class mail.

3. By **March 1, 2010,** Respondents shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a case management deadline in this case using the following text: **March 1, 2010:** deadline for Respondents to file answer or motion for summary judgment.

4. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including records, and Respondents' brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.***

5.    If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

    A.    No later than 30 days after the filing of the answer, Respondents shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.

    B.    The answer shall be supported by all records which are relevant to the cognizable claims. Those records shall be contained in a separate filing entitled: "Designation of Records In Support of Answer."

    C.    Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

6.    No discovery shall be undertaken without leave of the court.

January 14, 2010.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge

---

　　　*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5